Joseph A. Cos; S.
In this proceeding brought by the trustees for construction of the decedent’s will, the court is requested to determine the meaning and effect of paragraph Sixth of such will which reads as follows: “ Sixth: I authorize my executors and trustees acting in either capacity and under any of the aforesaid trusts from time to time to invest the funds that may come into their possession, as in their discretion they may see fit, in real estate in any part of the United States, in bonds of the United States, or of any of the States of the Union, or of any municipality or in mortgage bonds or stocks of dividend paying railroads or in bonds secured by mortgages upon real estate, not exceeding seventy per cent (70%) of the appraised value and in securities of every kind and character authorized as Savings Bank investments by the laws of the State of New York or in stock of moneyed corporations of any kind. ’ ’
The important question to be determined is whether the testatrix by her use of the term “ moneyed corporations of any kind ” intended to permit investment in commercial or business corporations. The sentence immediately preceding paragraph Sixth of the will permits the trustees to retain any investments, securities or stocks which constituted part of the testatrix’ estate at the time of her death, “ although they may not be investments of the character referred to in the following paragraph of this my Will.” This sentence serves as a clear indication to the court that it was the intention of the testatrix in paragraph Sixth to strictly limit the investment powers of her trustees to the kind of investments specifically enumerated therein.
A “moneyed corporation ” is defined in subdivision 6 of section 3 of the General Corporation Law as “ a corporation formed under or subject to the banldng law or the insurance law.” In subdivision 9 of the same section a business corporation is defined as “ a corporation formed under or subject to the stock corporation law, other than a moneyed corporation ”. None of the decisions cited by the petitioners support their contention that the definition of a “moneyed corporation” has been extended to include commercial or business corporations nor do the words “ of any kind ” broaden or extend the meaning of “ moneyed corporations ” to include commercial corporations. They merely give to the trustees permission to make prudent invest *635 ment of the trust funds in any corporation defined as a “ moneyed corporation ’ ’ by the General Corporation Law.
As the intent of the testatrix to limit rather than enlarge the scope of her trustees’ investment powers is clearly discernible the court directs the trustees to abide by such limitations and to limit their investments in “ moneyed corporations ” to those defined as such in the General Corporation Law.
As bonds of public benefit corporations are permissible investments for savings banks (Banking Law, § 235, subd. 5, par. [g]) the trustees clearly have the right to invest in the bonds of such corporations. Submit decree on notice or consent construing the will accordingly.